MICHAEL J. BETTINGER (CAL BAR NO. 122196)
RACHEL R. DAVIDSON (CAL BAR NO. 215517)
PRESTON GATES ELLIS LLP
55 Second Street, Suite 1700
San Francisco, California 94105
Phone: (415) 882-8200
Fax:   (415) 882-8220

*E-filing*

Attorneys for Defendant
SIEBEL SYSTEMS, INC.

PAUL SIGELMAN (CAL BAR NO. 45954)
SIGELMAN LAW FIRM
433 North Camden Drive, Suite 970
Beverly Hills, California 90210
Phone: (310) 278-8011

Attorneys for Plaintiff
ANGOSS SOFTWARE
CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGOSS SOFTWARE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>SIEBEL SYSTEMS, INC.,<br><br>Defendant. | Case No. 05-5224 BZ<br>(consolidated with Case No. 05-5225 BZ)<br><br>**[PROPOSED] STIPULATED**<br>**PROTECTIVE ORDER**<br><br>The Honorable Bernard Zimmerman |

## PROTECTIVE ORDER

The following Protective Order shall apply in the above-captioned action:

1.    UNDERLINE PURPOSE

It is the purpose of this Protective Order to allow the parties to have reasonable access to information from other parties while protecting confidential trade secrets or other commercially valuable information without frequently resorting to determinations of discoverability by the Court.

2.     DEFINITIONS

2.1     Party:  "Party" means Siebel Systems, Inc. and Angoss Software Corporation. Any other party to this litigation may sign this Protective Order and have access to materials exchanged in this litigation pursuant to the terms of this Protective Order.

2.2     Discovery Material:  "Discovery Material" means any information, document, or tangible things, responsive to discovery requests, or subpoenas or subpoenas duces tecum, deposition testimony or transcript, including material which is voluntarily produced, and any other similar materials, or portions thereof.

2.3     Confidential Information:     "Confidential Information" is defined herein as material which constitutes or contains proprietary information, confidential business information, or other information which is not publicly known.

2.4     Attorneys' Eyes Only Information:  "Attorneys' Eyes Only Information" is defined as Confidential Information which concerns or relates to either a trade secret within the meaning of the Uniform Trade Secrets Act asserted by a Party, or information not otherwise disclosed publicly by a Party, except in confidence, including, highly sensitive financial information or other information which will harm a Party's competitive position if it becomes known to person or party other than the producing Party.

2.5     Receiving Party:     "Receiving Party" means a Party to this action that receives Discovery Material from a Producing Party or Producing Third-Party.

2.6     Producing Party:     "Producing Party" means a Party to this action or any Third Party, and all directors, employees and agents (other than Counsel) of the Party that produces or otherwise makes available Discovery Material to a Receiving Party.

2.7     Protected Material:     "Protected Material" means any Discovery Material that is designated as Confidential or Attorneys' Eyes Only in accordance with paragraphs 2-3 and 2.4 below, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records regarding the contents of such Discovery Material.

[PROPOSED] STIPULATED                                                    -2-                                              PRINTED ON RECYCLED PAPER
PROTECTIVE ORDER
Case No. 05-5224 BZ

1    2.8    Counsel:    "Counsel" means any attorney representing any Party herein,
2 and their respective secretarial and other assistants who are not employed by a Party and to whom it
3 is necessary to disclose Protected Material for the purpose of this action.

4    2.9    Independent Expert:    "Independent Expert" means an expert and/or
5 independent consultant actually retained or employed to advise or to assist Counsel in the
6 preparation and/or trial of this action. Rules concerning Independent Experts are further stated at
7 paragraph 5.1 below.

8    3.    DESIGNATION OF PROTECTED MATERIAL

9    3.1    Designation of Confidential Information:    Any portion of any document or
10 oral testimony produced or given in this action that is asserted by the Producing Party to contain or
11 constitute Confidential Information shall be so designated by such Producing Party. Each such
12 document or transcript of testimony shall be clearly and prominently marked on its face with the
13 legend "CONFIDENTIAL INFORMATION OF (Producing Party's name)" or other comparable
14 notice. Each page of a document containing or constituting Confidential Information shall be
15 marked "CONFIDENTIAL INFORMATION OF (Producing Party's name)" or other comparable
16 notice. Any page not so marked shall not be subject to the terms of this Order which apply to such
17 material. Transcript pages containing or constituting Confidential Information shall be separately
18 bound by the court reporter and marked "CONFIDENTIAL INFORMATION" on each page. If the
19 Receiving party wishes to show non-Confidential portions of a document or transcript containing
20 Confidential Information to a person or Party not described below in paragraph 4.2, it shall first
21 redact all pages marked as containing Confidential Information.

22    3.2    Designation of Attorneys' Eyes Only Information:    Any portion of any
23 document or oral testimony produced or given in this action that is asserted by the Producing Party
24 to contain or constitute Attorneys' Eyes Only Information shall be so designated by the Producing
25 Party. Each such document or transcript of testimony shall be clearly and prominently marked on
26 its face with the legend "CONFIDENTIAL INFORMATION OF (Producing Party's Name)—
27 ATTORNEYS' EYES ONLY" or other comparable notice. Each page of a document containing or

28    [PROPOSED] STIPULATED                              -3-                          PRINTED ON RECYCLED PAPER
      PROTECTIVE ORDER
      Case No. 05-5224 BZ

constituting Confidential Information shall be marked "CONFIDENTIAL INFORMATION OF

(Producing Party's name) —ATTORNEYS' EYES ONLY" or other comparable notice. Any page

not so marked shall not be subject to the terms of this Order which apply to such material.

Transcript pages containing or constituting Attorneys' Eyes Only Information shall be separately

bound by the court reporter and marked "ATTORNEYS' EYES ONLY" on each page. If the

Receiving party wishes to show non-Attorneys' Eyes Only portions of a document or transcript

containing Attorney Eyes Only Information to a person or Party not described below in paragraph

4.3, it shall first redact all pages marked as containing Attorneys' Eyes Only Information.

       3.3    Designation of Non-Paper Media:    Any Confidential or Attorneys' Eyes

Only Information produced in a non-paper media (e.g. videotape, audiotape, computer disk, etc.)

may be designated as Confidential or Attorneys' Eyes Only Information by labeling the outside of

such non-paper media as "CONFIDENTIAL INFORMATION OF (Producing Party's Name)" or

"CONFIDENTIAL INFORMATION OF (Producing Party's Name)—ATTORNEYS' EYES

ONLY" or other comparable notice. In the event a non-producing party generates any "hard copy,"

transcription, or printout from any such designated non-paper media, such party must immediately

stamp each page "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," and

the hard copy, transcription or printout shall be treated as Confidential or Attorneys' Eyes Only

Information.

       Any software, firmware or source code listing produced in a non-paper media

designated as Confidential Attorneys' Eyes Only as defined above shall only be used, viewed,

loaded or run on a standalone, password-protected, non-networked computer secured within the

facilities of the Receiving Party's Counsel of record at one, single location. Any and all printouts or

other use from such non-paper media shall immediately be stamped and marked as Confidential

Information of [Producing Party]—Attorneys' Eyes Only.

       3.4    Designation on Protected Material:    Any person who creates Protected

Material based upon or derived from Discovery Material shall label such Protected Material as

Attorneys' Eyes Only if any of such Discovery Material was so labeled; if not, then as Confidential

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 05-5224 BZ

PRINTED ON RECYCLED PAPER

1  if any of such Discovery Material was so labeled. In other words, the labeling of Protected Material

2  shall be the most restrictive labeling of any Discovery Material upon which the Protected Material is

3  based on or derived from.

4      4.    ACCESS TO PROTECTED MATERIAL

5      4.1    General:    A record shall be made of the names of the persons to whom

6  disclosure of Protected Material is made (other than to Counsel). All Protected Material shall be

7  held in the custody and control of Counsel for the Receiving Party.

8      4.2    Access to Confidential Information: In the absence of written permission

9  from the Producing Party or any order of the Court, any Confidential Information produced in

10  accordance with the provisions of paragraph 3.1 above shall be used solely for purposes of the

11  above-captioned litigation between the parties hereto, and shall not be disclosed to or discussed with

12  any person other than (a) Counsel for the Receiving Party including necessary support personnel of

13  such Counsel and court reporters taking testimony involving such Confidential Information and their

14  support personnel; (b) employees of the Receiving Party whose review of such information is

15  required for the conduct of the above-entitled litigation; (c) Independent Experts; and (d) the

16  individual who authored, prepared, or who by sworn testimony can be shown to have received the

17  information before this lawsuit commenced. The name, affiliation and credentials of each

18  Independent Expert must be disclosed to the Producing Party prior to his or her review of the

19  Confidential Information as provided in paragraph 5.1. Nothing contained in this Order shall affect

20  the right of the Producing Party to disclose to anyone Confidential Information that it has designated.

21      4.3    Access to Attorneys' Eyes Only Information:    In the absence of written

22  permission from the Producing Party or an order of the Court, any Attorneys' Eyes Only Information

23  produced in accordance with the provisions of paragraph 3.2 above shall be used solely for purposes

24  of the above-captioned litigation between the parties hereto, and shall not be disclosed to or

25  discussed with any person other than (a) Counsel for the Receiving party, including necessary

26  support personnel of such Counsel and court reporters taking testimony involving such Attorneys'

27  Eyes Only Information and their supported personnel; (b) Independent Experts; and (c) the

28  [PROPOSED] STIPULATED                      -5-                   PRINTED ON RECYCLED PAPER
PROTECTIVE ORDER
Case No. 05-5224 BZ

1  individual who authored, prepared, or who by sworn testimony can be shown to have received the
2  information before this lawsuit commenced. The name, affiliation, and credentials of each
3  Independent Expert must be disclosed to the Producing Party prior to his or her review of the
4  Attorneys' Eyes Only Information as provided in paragraph 5.1. Under no circumstances shall
5  Attorneys' Eyes Only information be made available to any other employee, manager, director,
6  attorney, agent or independent contractor of the Receiving Party, except as stated in this paragraph.
7  Nothing contained in this Order shall affect the right of the Producing Party to disclose to anyone
8  Attorneys' Eyes Only Information that is has designated.

9       5.   Custody of Protected Material:   All documents containing information
10  designated Confidential or Attorneys' Eyes Only and notes or other records regarding that
11  information shall be maintained in the custody of Counsel for the parties, and no partial or complete
12  copies thereof containing Protected Material shall be retained by anyone else at any location other
13  than an office of Counsel not on the premises of Party, except that Independent Experts may retain
14  documents on a temporary basis for purpose of study, analysis, and preparation of this case at offices
15  that are not on the premises of a Party. A person who removes Protected Material from the office of
16  Counsel shall maintain it in a manner that limits access to qualified persons and shall record in
17  writing the access of each person by time, date and name except as provided in Paragraph 3.3
18  regarding non-paper media.

19       5.1   Independent Experts: Subject to the provisions of this Order, Protected
20  Material may be disclosed to an Independent Expert only if that Independent Expert has agreed in
21  writing to be bound by this Order, and has certified that the prospective Independent Expert is not a
22  competitor of any Party to these actions, or a consultant for, or employed by, such competitor with
23  respect to the specific subject matter of this case. This certification shall be in the form attached
24  hereto as Appendix B, which Counsel shall provide to each and every Producing Party. In addition,
25  before disclosure can be made to any prospective Independent Expert, Counsel for the receiving
26  party shall (a) identify the prospective Independent Expert to Counsel for the Producing Party whose
27  Protected Material it proposes to show to the prospective Independent Expert, and (b) provide a

28  [PROPOSED] STIPULATED                          -6-                    PRINTED ON RECYCLED PAPER
PROTECTIVE ORDER
Case No. 05-5224 BZ

1   copy of the prospective Independent Expert's current resume, supplemented if necessary to provide a
2   brief description of the prospective Independent Expert's business, qualifications, and past and
3   present affiliations. The notified Producing Party shall have five (5) business days from their receipt
4   of the notice and accompanying certification to deliver to the notifying Party its good faith written
5   objections to the prospective Independent Expert, if any. Absent timely objections, disclosure to the
6   prospective Independent Expert shall be deemed approved. Upon timely objection, disclosure to the
7   prospective Independent Expert shall not be made. If the notifying Party objects to the Producing
8   Party's written objections, it shall so inform the Producing Party in writing, within five (5) business
9   days of receipt of the written objections of its reasons for objecting. The prospective Independent
10  Expert shall then be deemed approved after five (5) business days from receipt of the notifying
11  Party's timely written objections, unless the Producing Party moves for relief from the court, or the
12  parties otherwise agree. Once a motion is filed, disclosure shall not occur until the issue is decided
13  by the court.

14          5.2     Acknowledgement of Protective Order:      Before obtaining access to any
15  Protected Material covered by this Protective Order, any person, except for Counsel, who is
16  permitted to have access to Protected Material under this Protective Order must signify assent to the
17  terms of this Protective Order by executing the acknowledgement attached as Appendix A (or
18  Appendix B, for Independent Experts), indicating that they read and understood this protective order
19  and agree to be bound by its terms.

20      6.      HANDLING OF PROTECTED MATERIAL

21          6.1     Filing Protected Material with the Court:      In the event that any Confidential
22  or Attorneys' Eyes Only Information is included with, or the contents thereof are in any way
23  disclosed in any pleading, motion, deposition transcript or other paper filed with the Clerk of this
24  Court, the Confidential or Attorney's Eyes Only document shall be filed and kept under seal by the
25  Clerk until further order of this Court. Any Protected Material filed under seal shall be filed in
26  sealed envelopes upon which shall be endorsed the title of this action, an identification of the nature
27  of the contents of such sealed envelope, the name of the Party filing the materials, the words

28  [PROPOSED] STIPULATED                          -7-                    PRINTED ON RECYCLED PAPER
    PROTECTIVE ORDER
    Case No. 05-5224 BZ

1   "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL,

2   ATTORNEYS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER," and a statement

3   substantially in the following form: "This envelope contains documents subject to a Protective Order

4   entered in this action. It is not to be opened nor the contents thereof to be displayed, revealed or

5   made public, except, by order of the Court." No such sealed envelope shall be opened by anyone

6   other than Court personnel, absent an order from the Court identifying by name the person or

7   persons who may have access to the sealed material and specifically designating which portions of

8   the sealed file may be revealed.

9           6.2     Working Copies:        Nothing herein shall restrict a qualified recipient,

10  subject to the provisions of paragraph 3.4 from: (a) making working copies, abstracts, digests and

11  analyses of such information for use in connection with this action between the parties to the above –

12  entitled litigation or (b) converting or translating such information into machine-readable form for

13  incorporation in a data retrieval system in connection with this action, provided that access to such

14  information, in whatever form stored or reproduced, shall be limited to qualified recipients.

15          6.3     Inadvertent Disclosure of Protected Material:        If a party through

16  inadvertence produces Confidential or Attorneys' Eyes Only Information without labeling or

17  marking or otherwise designating it as such in accordance with the provisions of this Protective

18  Order, the Producing party may give written notice to the Receiving Party that the document or thing

19  produced is deemed Confidential or Attorneys' Eyes Only and should be treated as such in

20  accordance with the provisions of this Protective Order. The Receiving Party must treat such

21  documents and things with the noticed level of protection from the date such notice is received.

22  Disclosure, prior to the receipt of such notice of such information, to persons not authorized to

23  receive such information shall not be deemed a violation of this Protective Order.

24          6.4     Examination and Testimony Regarding Protected Material:

25          (a)     A Party or present employee of a Party may be examined and may

26  testify concerning all Confidential and Attorneys' Eyes Only Information produced by that Party;

27

28  [PROPOSED] STIPULATED                           -8-                 PRINTED ON RECYCLED PAPER
    PROTECTIVE ORDER
    Case No. 05-5224 BZ

1    (b)    A former employee of a Party may be examined and may testify
2    concerning all Confidential and Attorneys' Eyes Only Information produced by that Party which
3    pertains to the period of his employment and prior thereto.

4    6.5    Designation of Transcript:    Any transcript containing Confidential or
5    Attorneys' Eyes Only Information not previously properly designated shall be designated as
6    containing such information within thirty (30) days of receipt of the transcript by the Producing
7    Party; absent such designation, the transcript shall not be subject to this Protective Order.

8    6.6    Request for Production in Unrelated Legal Proceedings:    In the event any
9    person or party having possession, custody, or control of any Protected Material receives a subpoena
10   or other process or order to produce such information from an entity or person who is not a party to
11   this action, such person or party shall (a) notify by mail the counsel of record of the party claiming
12   such Confidential or Attorneys' Eyes Only treatment of the document sought by such subpoena or
13   other process or order, (b) furnish the counsel of record with a copy of said subpoena or other
14   process or order, and (c) cooperate with respect to all reasonable procedures sought to be pursued by
15   the party whose interests may be affected. The party asserting the Confidential or Attorneys' Eyes
16   Only treatment shall have the burden of defending against such subpoena, process or order. The
17   person or party receiving the subpoena or other process or order shall be entitled to comply with it
18   except to the extent that the party asserting the Confidential or Attorneys' Eyes Only treatment is
19   successful in obtaining an order modifying or quashing the subpoena or other process or order.

20   7.    DESIGNATION NOT DETERMINATIVE OF STATUS

21   There is no obligation to challenge the propriety of a Confidential or Attorneys' Eyes
22   Only designation at the time made, and a failure to do so shall not preclude a subsequent challenge
23   thereto. All challenges to the propriety of a Confidential or Attorneys' Eyes Only designation shall
24   first be made to the Propounding Party in writing by letter or other document identifying with
25   specificity the material challenged. Within seven (7) days of such a challenge, the designating party
26   shall substantiate the basis for such designation in writing, or forever waive the protections of this
27   Protective Order with respect to the challenged information. Such challenges shall be resolved in

28   [PROPOSED] STIPULATED                         -9-                    PRINTED ON RECYCLED PAPER
     PROTECTIVE ORDER
     Case No. 05-5224 BZ

good faith on an informal basis if possible.  If the dispute cannot be resolved, the party challenging the designation may seek appropriate relief from this Court.  The burden of persuasion or proof shall be on the party claiming confidentiality.

### 8.    RIGHT TO FURTHER RELIEF

Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

### 9.    AMENDMENT

This Protective Order may not be amended without agreement of Counsel for all Parties in the form of a written stipulation filed with the Court or by an order of the Court after a duly noticed motion.

### 10    RIGHT TO ASSERT OTHER OBJECTIONS

This Protective Order shall not be construed as waiving any right to assert a claim or privilege, relevance, overbreadth, burdensomeness or other grounds for not producing Discovery Material called for, and access to such Discovery Material shall be only as provided for by separate agreement of the parties or by the Court.

### 11.    FINAL DISPOSITION

Within sixty (60) days after final termination of this action, each Party shall assemble all documents and things furnished and designated by any other Party as containing Confidential or Attorneys' Eyes Only Information including materials provided and subject to section 3.4 and such materials provided to Independent Experts and shall either (i) return such documents and things to the Propounding Party, or (ii) destroy the documents and things and provide a certificate of destruction.  Counsel for each party shall be entitled to retain all pleadings, motions, papers, legal memoranda, correspondence and work product.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12.     TERMINATION AND SURVIVAL OF OBLIGATIONS

No restriction imposed by this Protective Order may be terminated, except by a written stipulation executed by counsel of record for the Propounding Party, or by an order of this Court for good cause shown.  The termination of this action shall not automatically terminate the obligations specified in this Protective Order.

DATED:  March 7, 2006

PRESTON GATES & ELLIS LLP

By_____
       Rachel R. Davidson
       Attorneys for Defendant
       Siebel Systems, Inc.

DATED:  March 7, 2006

PAUL SIGELMAN LAW FIRM

By_____
       Paul S. Sigelman
       Attorneys for Plaintiff
       Angoss Software Corporation

**IT IS SO ORDERED.**

Dated: April 06

_____
Honorable Bernard Zimmerman

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No.  05-5224 BZ

-11-

PRINTED ON RECYCLED PAPER

APPENDIX A
CONFIDENTIALITY AGREEMENT

I,_____, hereby acknowledge that:

1.    I have read the Protective Order entered in the action presently pending in United States District, Court Northern District of California entitled *Angoss Software Corporation v. Siebel Systems, Inc.*

2.    I understand the terms of the Protective Order;

3.    I agree, upon threat of penalty of contempt and other civil remedies, to be bound by its terms; and

4.    I irrevocably submit my person to the jurisdiction of the Northern District of California for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED:

_____
Signature

_____
Name

_____
Present Employer

_____
Title/ Occupation

_____
Address

_____
City          State          Zip

_____
Telephone Number

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 05-5224 BZ

-12-

PRINTED ON RECYCLED PAPER

APPENDIX B
CONFIDENTIALITY AGREEMENT
(For Independent Experts)

I,_____, hereby acknowledge that:

1.    I have read the Protective Order entered in the action presently pending in United States District, Court Northern District of California entitled *Angoss Software Corporation v. Siebel Systems, Inc.*

2.    I represent that I am not employed by any competitor to the parties to this action, nor am I employed as a consultant to any of these parties;

3.    I understand the terms of the Protective Order;

4.    I agree, upon threat of penalty of contempt and other civil remedies, to be bound by its terms; and

5.    I irrevocably submit my person to the jurisdiction of the Northern District of California for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED:

_____
Signature

_____
Name

_____
Present Employer

_____
Title/ Occupation

_____
Address

_____
City          State          Zip

_____
Telephone Number

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 05-5224 BZ

-13-

PRINTED ON RECYCLED PAPER